**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAL JONES, | |
| Plaintiff, | Civil Action No. 14-4227 (ES) |
| v. | OPINION |
| ROY HENDRICKS, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Plaintiff Jamal Jones ("Plaintiff"), a pre-trial detainee[1] confined at Essex County Jail in Newark, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

---

[1] Although Plaintiff identifies himself as a "pre-trial detainee," based on his inmate number, it appears that he might, however, be an immigration detainee.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Roy L. Hendricks, Alfaro Ortiz and Essex County Jail.[2] The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that:

> The water from Essex county correctional Facility has been causing [him] complications with [his] health since [his] date of incarceration 3/23/2014 [he is] constantly throwing up and [he has] noticed blood in [his] stool, more than once. [He is] breaking out with skin rashes from the showers and [he has] filled out several sick call slips to no avail. Proof can be provided.

(D.E. No. 1, Complaint "(Compl.)" at 10, ¶ 6). Plaintiff alleges that Defendant Hendricks is "aware of the tainted water in this facility and [the inmates] are still made to drink and bath in it. Causing complications to [his] health." (Id. at 9, ¶ 4(b)). Plaintiff further alleges that Defendant Ortiz is "aware of how the drinking water is supposed to be treated twice a week and blatantly disregards this fact." (Id. at ¶ 4(c)). In the "Relief" section of the Complaint, Plaintiff states that he "expect[s] to be entitled to sue the state for allowing this facility to operate in such a negative manner and haven't [sic] any regards for human life." (Id. at 11, ¶ 7).

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66

---

[2] A jail is not a "person" amenable to suit under § 1983. *See, e.g., Parrish v. Aramark Foods, Inc.*, Civil No. 11-5556, 2012 WL 1118672, at *3 (D.N.J. Apr. 2, 2012) (collecting cases). Accordingly, this Court will dismiss with prejudice all claims asserted against Essex County Jail.

2

to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

### 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### B. Analysis

Whether Plaintiff is an immigration detainee or a pre-trial detainee, his conditions of confinement claim is evaluated under the Fourteenth Amendment. *See Adekoya v. Chertoff*, 431 F. App'x 85, 88 (3d Cir. 2011) (per curiam) (stating that an immigration detainee is entitled to the same protections as a pretrial detainee and when pretrial detainees challenge their conditions of confinement, a court considers "whether there has been a violation of the Due Process Clause of the Fourteenth Amendment"). In *Bell v. Wolfish*, the Supreme Court held that "under the Due Process Clause . . . a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Still, "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense...." *Id.* at 537, 99 S.Ct. at 1861. Under *Bell*, a "particular measure amounts to punishment

when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution." *Id.*

It is well settled that in a § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 675–76. In his Complaint, Plaintiff names Warden Roy Hendricks and Director Ortiz as defendants. Plaintiff alleges that Defendant Hendricks is "aware of the tainted water in this facility and [they] are still made to drink and bath in it. Causing complications to [his] health." (Compl. at 9, ¶ 4(b)). However, Plaintiff fails to provide any facts to support his claim that Defendant Hendricks is aware of the situation. He does not state how he knows that Defendant Hendricks is aware of the tainted water. Instead, he merely alleges in a conclusory manner that Defendant Hendricks is aware. This allegation, with no factual support, is insufficient to allow the conditions of confinement claim against Defendant Hendricks to proceed at this time.

With regard to Defendant Ortiz, Plaintiff alleges that he is "aware of how the drinking water is supposed to be treated twice a week and blatantly disregards this fact." (*Id.* at ¶ 5(c)). As with Defendant Hendricks, Plaintiff does not provide any facts to support his allegations that Defendant Ortiz is aware that the water is supposed to be treated and disregards that fact. Moreover, he does not allege that Defendant Ortiz is even aware that the water is tainted. Plaintiff

has failed to allege sufficient facts under *Iqbal* to allow his claims to proceed against either Defendant at this time.[4]

## III. CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[5] An appropriate order follows.

Dated: *February 9, 2015*

*Esther Salas, U.S.D.J.*

---

[4] To the extent Plaintiff named either defendant based on their roles as supervisors, the Court notes that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1937). Rather, state actors are liable only for their own unconstitutional conduct. *Id.* The Third Circuit has previously identified two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates: (1) "liability may attach if they, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm"; or (2) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (internal citations omitted). "[U]nder *Iqbal*, the level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged. *Id.* at 319. Here, the sparse, conclusory statements that Plaintiff provides are also insufficient to support any supervisory liability claims.

[5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*